19-1752-cv
Campbell v. Saul

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand twenty.

PRESENT: REENA RAGGI,
RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
*Circuit Judges.*

-----------------------------------------------------------------

ALBERT CAMPBELL,

*Plaintiff-Appellee,*

v.                                                      No. 19-1752-cv

ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,

*Defendant-Appellant.*

-----------------------------------------------------------------

FOR APPELLANT: Max D. Leifer, Max D. Leifer, P.C., New York, NY.

FOR APPELLEE: Candace Scott Appleton, Varuni Nelson, Arthur Swerdloff, Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a June 11, 2019 judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Albert Campbell appeals from a judgment of the District Court (Seybert, J.) affirming the Commissioner of Social Security's denial of his March 18, 2015 application for disability benefits. Campbell alleged that his heart disease, chronic obstructive pulmonary disease (COPD), arthritis, and anxiety forced him to stop working as a carpenter on March 1, 2013. Following a hearing, the Administrative Law Judge (ALJ) concluded that Campbell was not disabled because he engaged in substantial gainful activity after the alleged onset of his disability in March 2013 and after December 31, 2013, the last date on which he was insured for disability benefits. See 20 C.F.R. § 404.1520(a)(4)(i), (b). The

2

District Court agreed. On appeal, Campbell argues that the ALJ erred in treating Campbell's 2013 earnings as conclusive proof of substantial gainful activity and in failing to consider evidence that rebutted the presumption of substantial gainful activity. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

When deciding an appeal from a denial of disability benefits, "[w]e undertake a plenary review of the administrative record, and our focus is on the administrative ruling more than on the district court's decision." Talavera v. Astrue, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted). We are "limited to determining whether the [ALJ's] conclusions were supported by substantial evidence in the record and were based on a correct legal standard." Id. (quotation marks omitted); see also 42 U.S.C. § 405(g). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and must be "more than a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation marks omitted). To be entitled to disability benefits, a claimant must show that he became disabled while insured for disability benefits. Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008).

Disability is defined in relevant part as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . ." 42 U.S.C. § 423(d)(1)(A). The claimant bears the burden of proving disability at step one of the sequential process, see Talavera, 697 F.3d at 151, and, if he fails to do so, the inquiry does not proceed to the next step, see 20 C.F.R. § 404.1520(a)(4).

We find no error in the ALJ's conclusion that Campbell failed to meet his burden at step one. It is undisputed that Campbell's insurance expired on December 31, 2013, and that his earnings in 2013 were substantial enough to give rise to a presumption of substantial gainful activity. See 20 C.F.R. § 404.1574(a)(1). Contrary to Campbell's arguments on appeal, the ALJ did not treat this evidence as conclusive proof of substantial gainful activity. Rather, the ALJ correctly placed the burden on Campbell to rebut the presumption created by his earnings.

The ALJ's conclusion that Campbell failed to do so is supported by substantial evidence. Campbell's testimony that he stopped working on March 1, 2013 is contradicted by earnings records indicating that he worked throughout 2013, records from his employer stating that he was last paid in September 2014,

4

forms Campbell submitted to the Social Security Administration claiming that he continued working and performing strenuous activities until May 1, 2014, and medical records in which Campbell reported that he was still working as a carpenter after the alleged date of onset and the expiration of insurance. Although a presumption of substantial gainful activity can be rebutted by evidence that the claimant worked under "special conditions," 20 C.F.R. § 404.1573(c), Campbell has not offered any evidence that he worked under such conditions.

We have considered Campbell's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5